**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| T.D., *individually*, and T.D., *on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>PIEDMONT HEALTHCARE, INC.,<br><br>    Defendant. | No. _____<br><br>Class Action Complaint |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1442, 1446, and 1453, Defendant Piedmont Healthcare, Inc. ("Piedmont") removes this putative class action from the Superior Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

In support of removal, Piedmont provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446.

**Background**

1.  Plaintiff T.D. ("Plaintiff") brings this lawsuit challenging Piedmont's use of a third-party website advertising technology called the Facebook Pixel. The lawsuit is not based on any allegation that Plaintiff's information linkable to what he calls his "real-world identity" was disclosed publicly. Instead, Plaintiff alleges that such information was sent only to Facebook, pursuant to his agreement with Facebook, causing Facebook to be able to target him with advertisements.

2.  Plaintiff alleges the following counts: Invasion of Privacy – Intrusion Upon Seclusion (Count I), Breach of Fiduciary Duty (Count II), Negligence (Count III), Breach of Implied Contract (Count IV), Unjust Enrichment (Count V), Breach of Confidence (Count VI), Bailment (Count VII), and Violations of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, et seq. (Count VIII).

3.  In Count IV, the claim for breach of contract, plaintiff alleges that Piedmont breached an implied promise to safeguard and not disclose Plaintiff's "Facebook ID, computer IP address; and information such as his medical conditions, treatments sought, appointment type and date, and physician selected" (collectively, "Private Information"). Compl. ¶¶ 107, 173, and 176.

4.     Plaintiff alleges that this same duty preexisted under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d et seq. ("HIPAA") with respect to all of this same Private Information. *Id.* ¶ 65 (enumerating all of the same categories of Private Information quoted in para. 3 above and stating, "This is precisely the type of information that HIPAA requires healthcare providers to de-anonymize to protect the privacy of patients"); *see also id.* ¶¶ 74-77 ("**Defendant Violated HIPAA Standards**"); ¶ 92 ("Under HIPAA, an IP address is considered personally identifiable information").

### Basis for Removal – Substantial Federal Question

5.     "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: [i] necessarily raised, [ii] actually disputed, [iii] substantial, and [iv] capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Ponder v. Hanthorn*, 2021 WL 7708313, at *7 (N.D. Ga. June 17, 2021) citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

6.     All four of these elements for finding federal question jurisdiction under 28 U.S.C. § 1331 are satisfied with respect to the following federal issue expressly raised by Count IV of Plaintiff's Class Action Complaint ("HIPAA Violation Issue"):

- Whether Piedmont's alleged disclosure of the Private Information violated HIPAA, including whether the Private Information constitutes personally identifiable information ("PII") and protected health information ("PHI") subject to HIPAA. Compl. ¶¶ 65, 74-77, and 92.

7. Since Count IV is removable on this basis, so is Plaintiff's entire Class Action Complaint, because all counts in the complaint form part of the same case or controversy. *See, e.g., Hill v. City of Atlanta*, 2015 WL 13807615, at *3 (N.D. Ga. July 6, 2015) (denying motion to remand, noting that "[t]his Court has original jurisdiction over the federal question claims. Therefore, this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims if they form part of the same case or controversy as Plaintiffs' federal claims").

**A.     The HIPAA Violation Issue Is Necessarily Raised**

8. The HIPAA Violation Issue is necessarily raised by Plaintiff's breach of contract claim because only by resolving that issue can it be determined whether Plaintiff can meet his burden to prove the essential element of bargained-for consideration. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000) (finding federal question jurisdiction over state law claim because proof of "an essential element of the plaintiff's cause of action" involved "resolution of a substantial, disputed question of federal law").

9. Formation of a contract under Georgia law requires bargained-for consideration. *MEI Servs., Inc. v. Cardinal Health 110, LLC*, 2021 WL 1250441, at *5 (N.D. Ga. Apr. 5, 2021) (granting motion to dismiss breach of contract claim because plaintiff failed to plausibly allege "any consideration to support the alleged contract").

10. "[A]n agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration." *Gaucher v. U.S. Bank*, 2012 WL 13013640, at *5 (N.D. Ga. Oct. 29, 2012) (dismissing breach of contract claim), quoting *Johnson v. Hinson*, 188 Ga. 639, 4 S.E.2d 561, 564 (Ga. 1939)). This holding is consistent in courts across the country. *See, e.g., Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) (dismissing breach of contract claim, stating, "Because the Defendants are required by law to adhere to HIPAA without receiving any consideration from the Plaintiff or any other patient, these provisions cannot create contractual obligations"); *K.A. by & through B.W. v. Children's Mercy Hosp.*, No. 18-cv-675, 2019 WL 13207485, at *6 (W.D. Mo. May 17, 2019) (dismissing breach of contract claim for lack of consideration, stating, "Defendant had a preexisting legal duty, pursuant to [HIPAA]"); *J.R. v. Walgreens Boots All., Inc.*, No. 20-1767, 2021 WL 4859603, at *6 (4th Cir. Oct. 19,

2021) (affirming dismissal of breach of contract claim based on "Plaintiffs' own allegations, which show that [defendant's] NPP [notice of privacy policy] merely informs patients of what it is required by law to do and provides notice of [defendant's] legal duties and privacy practices with respect to [PII]") (internal quotation marks and citation omitted).

11.     Thus, whether Plaintiff can prove his breach of contract claim depends on resolution of the HIPAA Violation Issue. If Piedmont's alleged disclosure of Plaintiff's Private Information violated HIPAA, as Plaintiff alleges, then Plaintiff cannot prove the essential element of bargained-for consideration. *See id.* If Piedmont's alleged disclosure of the Private Information did not violate HIPAA, as Piedmont contends, then Plaintiff's ability to prove bargained-for consideration will not face the same insurmountable hurdle.

12.     In sum, the HIPAA Violation Issue is "necessarily raised" by Plaintiff's breach of contract claim because proof of an essential element of the claim requires its resolution. *Ayres*, 234 F.3d at 518; *Ponder*, 2021 WL 7708313, at *9 (denying motion to remand, stating, "Plaintiff's claim necessarily raises a substantial and disputed question of federal law"); *Sanders v. Bank of Am., N.A.*, 2013 WL 6587742, at *4 (N.D. Ga. Dec. 16, 2013) (denying motion to remand, stating, "The substantive

nature of the Plaintiff's [state law] claims is, therefore, grounded in federal law"). This is the same in other jurisdictions, including as found in a case where a state law claim necessarily raised a HIPAA violation issue,[1] and cases alleging breach of contract claims necessarily raising other federal statutory violation issues.[2]

---

[1] *Wells v. Enter. Leasing Co. of Norfolk/Richmond, LLC*, 500 F. Supp. 3d 478, 482 (E.D. Va. 2020) (finding federal question jurisdiction because the plaintiff's "claim [for wrongful termination under state common law] necessarily turns on the Court's construction and interpretation of HIPAA," stating, "The law is well-established that regardless of the allegations of a state law claim, where the vindication of a right under state law necessarily turns on some construction of federal law, the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331") (punctuation omitted).

[2] *BFNO Properties, LLC v. Hous. Auth. of New Orleans*, 2015 WL 1737844, at *7 (E.D. La. Apr. 16, 2015) (denying motion to remand breach of contract claim because it "turns on issues of federal law—specifically, the interpretation of Section 6(j) of the United States Housing Act of 1937 and regulations promulgated by HUD. These issues are necessarily raised, actually disputed, and substantial"); *New York City Health & Hosps. Corp. v. WellCare of NY Inc.*, 769 F. Supp. 2d 250, 257 (S.D.N.Y. 2011) (denying motion to remand, finding that claim for breach of contract raised a substantial federal question because it involved allegations that defendant violated agreements to comply with federal Medicare law); *Rose v. SLM Financial Corp.*, 2007 WL 674319 at *4 (W.D.N.C. Feb. 28, 2007) (Mag. Judge) (denying motion to remand breach of contract suit, finding a substantial federal question presented by the issue of whether mandatory disclosures made under the Truth in Lending Act or the Real Estate Settlement Procedures Act could form the basis of a contract); *Guardian Nat. Acceptance Corp. v. Swartzlander Motors, Inc.*, 962 F. Supp. 1137, 1143 (N.D. Ind. 1997) (denying motion to remand, stating, "Several other federal district courts have found state law-based breach of contract claims to arise under federal law because they presented substantial questions of federal law"); *Amoco Chemical Co. v. Tex Tin Corp.*, 902 F.Supp. 730, 734 (S.D.

**B.     The HIPAA Violation Issue Is Actually Disputed**

13.     Plaintiff expressly alleges that Piedmont's alleged disclosure of the Private Information violated HIPAA.  Compl. ¶¶ 65, 74-77, and 92.  Defendant denies these allegations and takes the opposite view.  Thus, this issue is "actually disputed."  *Ponder v. Hanthorn*, 2021 WL 7708313, at *7.  *See also Davis v. GMAC Mortg. LLC*, 2012 WL 860389, at *4 (M.D. Ga. Mar. 13, 2012) (denying motion to remand and finding substantial federal issue "disputed" where defendant argued in opposition to plaintiff's allegations); *Paxton as Next Friend of Paxton v. Georgia Power Co.*, 2022 WL 17834062, at *9 (M.D. Ga. Dec. 21, 2022) (denying motion to remand, finding that "mere dispute ... is sufficient to satisfy this second requirement" and its "simple and straightforward approach").

**C.     The HIPAA Violation Issue Is Substantial**

14.     The HIPAA Violation Issue is sufficiently substantial to give rise to federal question jurisdiction, for at least four reasons.

---

Tex.1995) (holding that federal question jurisdiction existed over breach of contract claim because plaintiffs could not show duty of reimbursement arose under contract without proving expenditures were made pursuant to CERCLA, 42 U.S.C. §§ 9601-75; *Rustevader Corp. v. Cowatch*, 842 F.Supp. 171, 174 (W.D. Pa.1993) (denying motion to remand by finding that breach of contract claims necessarily depended on resolution of substantial federal question under federal patent law).

15. *First*, it raises a pure legal question of the interpretation of a federal statute. *See Ponder*, 2021 WL 7708313, at *8 (denying motion to remand and finding "substantial" federal question raised where plaintiff's negligence claim rested "entirely on this Court's interpretation of the federal removal statute"); *Davis*, 2012 WL 860389, at *4 (denying motion to remand, stating, "The fact that a dispute exists over the meaning of a federal regulation that may be dispositive of Plaintiffs' claims weighs in favor of finding a substantial federal question").

16. *Second*, the parties' dispute over the HIPAA Violation Issue is genuine. The issue is so genuine, in fact, that it is the focus of a dispute in a recent high-profile complaint for declaratory judgment and injunctive relief brought by multiple hospital associations against the U.S. Department of Health and Human Services, Office for Civil Rights ("HHS"). *See Am. Hosp. Assoc. v. Rainer*, No. 23-cv-1110 (N.D. Tex., complaint filed Nov. 2, 2023) ("AHA Lawsuit"). The AHA Lawsuit raises the same HIPAA-interpretation issue here, namely, whether healthcare providers' alleged disclosure via a Facebook Pixel of the same types of web-browsing activities on their websites violates HIPAA. The genuine nature of the parties' dispute supports its substantiality. *See Davis*, 2012 WL 860389, at *4

(finding a federal question "substantial," in part, because the meaning of the federal law was "sufficiently unclear" such that the "dispute over its meaning is genuine").

17. *Third*, hundreds of federal Pixel healthcare cases have been filed around the nation, many of which raise allegations regarding the same HIPAA-interpretation issue here, namely, whether healthcare providers' alleged disclosure via a Facebook Pixel of the same types of web-browsing activities on their websites violates HIPAA. Thus, resolution of the HIPAA Violation Issue would be "both dispositive of the case and would be controlling in numerous other cases." *Moss v. Premiere Credit of N. Am., LLC*, 2012 WL 1014820, at *3 (S.D. Ga. Mar. 23, 2012) (denying motion to remand).

18. *Fourth*, inconsistent rulings in state courts on the interpretation of HIPAA threatens the national interest in uniformity of interpretation of a federal law, and the HHS's ability to enforce it. *See Grable*, 545 U.S. at 310, 313 (finding a "national interest in providing a federal forum" and "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues").

**D.     The HIPAA Violation Issue Is Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance Approved by Congress**

19. Plaintiffs' HIPAA-based claim poses no risk to "any congressionally approved balance of federal and state judicial responsibilities," *Grable*, 545 U.S. at 314, because exercising jurisdiction here will not "herald[ ] a potentially enormous shift of traditionally state cases into federal courts." *Davis*, 2012 WL 860389, at *6. Instead, exercising jurisdiction here is appropriate because it is limited to those claims that involve a genuinely disputed, substantial, dispositive issue of federal law. *Id.*

20. In addition, most of the hundreds of Pixel healthcare cases filed across the nation were already either filed in federal court or removed and not remanded. Moreover, the ones filed in state court are already beyond the deadline to remove. Further, retaining jurisdiction here would likely not deter plaintiffs' class action lawyers from filing future Pixel healthcare lawsuits in state court in order to harness some states' bare notice pleading standards and avoid Federal Rule 12(b)(6)'s plausibility standard. More likely, such lawyers will change the nature of the allegations filed in state court to eliminate the breach of contract claim and substantial federal questions, like many Pixel healthcare lawsuits filed in state court have done already (not this one).

21. In sum, exercising federal jurisdiction here would be "sufficiently limited to avoid the disruption of the appropriate balance between federal and state judicial responsibilities." *Id.* at *6.

### Alternative Basis for Removal – Federal Officer Removal

22. Several healthcare organizations have removed Pixel healthcare cases to federal court under the federal officer removal statute (28 U.S.C. § 1442(a)(1)). Piedmont removes this case on this alternative basis, as well. *See, e.g., Doe v. BJC Health System*, No. 23-1107 (8th Cir., fully briefed and argued as of 9/28/23); *Mohr v. Trustees of Univ. of Pa.*, No. 23-1924 (3d Cir., fully briefed as of 9/20/23).

### Procedural Requirements

23. Removal to this Court is proper under the procedural requirements of 28 U.S.C. § 1446.

24. This Court is the "district court of the United States for the district and division within which [this] action is pending." *Id.* § 1446(a);

25. Piedmont's Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Class Action Complaint was served on Piedmont on October 27, 2023 (*see* Ex. 1), and this Notice is being filed within thirty days of service.

26. Piedmont will provide copies of this Notice to counsel of record for Plaintiff, and will file a copy with the Superior Court of Fulton County, Georgia, as required by 28 U.S.C. § 1446(d).

## Conclusion

For the foregoing reasons, Piedmont removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1442, 1446, and 1453.

| | |
|---|---|
| Date: November 27, 2023 | Respectfully submitted, |
| | **SHOOK, HARDY & BACON L.L.P.** |
| | By: */s/ Caroline M. Gieser* |
| | Joshua L. Becker |
| | Georgia Bar No. 046046 |
| | Caroline Gieser |
| | Georgia Bar No. 167916 |
| | 1230 Peachtree Street NE, Suite 1200 |
| | Atlanta, GA 30309 |
| | Telephone: (470) 867-6000 |
| | Facsimile: (470) 867-6001 |
| | jbecker@shb.com |
| | cgieser@shb.com |
| | |
| | Alfred J. Saikali, *pro hac vice forthcoming* |
| | SHOOK, HARDY & BACON L.L.P. |
| | 201 South Biscayne Blvd., Suite 3200 |
| | Miami, FL 33131 |
| | Telephone: (305) 358-5171 |

Facsimile: (305) 358-7470
asaikali@shb.com

Justin R. Donoho, *pro hac vice forthcoming*
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
jdonoho@shb.com

Ara K. Ayvazian, *pro hac vice forthcoming*
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, FL 33602
Telephone: 813.202.7100
Facsimile: 813.221.8837
aayvazian@shb.com

***Attorneys for Defendant Piedmont Healthcare, Inc.***

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal was filed electronically on November 27, 2023 and that service of the same on all counsel of record was made via U.S. Mail and email.

| | |
|---|---|
| **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** <br> Andrew R. Tate <br> 235 Peachtree St. NE, Suite 400 <br> Atlanta, GA 30303 <br> (404) 282-4806 <br> atate@peifferwolf.com <br><br> Brandon M. Wise <br> One US Bank Plaza, Suite 1950 <br> St. Louis, MO 63101 <br> (314) 833-4825 <br> bwise@peifferwolf.com | **ALMEIDA LAW GROUP LLC** <br> David S. Almeida <br> Elena Belov <br> Britany Kabakov <br> 849 W. Webster Avenue <br> Chicago, Illinois 60614 <br> (312) 576-3024 <br> david@almeidalawgroup.com <br> elena@almeidalawgroup.com <br> britany@almeidalawgroup.com |

/s/ Caroline M. Gieser
Caroline M. Gieser
GA Bar No. 167916

*Attorneys for Defendant*
*Piedmont Healthcare, Inc.*